1   MALCOLM A. HEINICKE (State Bar No. 194174)
    MUNGER, TOLLES & OLSON LLP
2   560 Mission Street, 27th Floor
    San Francisco, California 94105-2907
3   Tel: (415) 512-4000; Facsimile: (415) 512-4077
    Email:  Malcolm.Heinicke@mto.com
4
5   Attorneys for Defendants WACHOVIA CORPORATION,
    WACHOVIA MORTGAGE CORPORATION, WACHOVIA
6   COMMERCIAL MORTGAGE, INC., WACHOVIA FINANCIAL
    SERVICES, INC. and WACHOVIA MORTGAGE, FSB
7
    PLAINTIFFS' COUNSEL LISTED ON SECOND PAGE
8
9                       UNITED STATES DISTRICT COURT
10                    NORTHERN DISTRICT OF CALIFORNIA
11
12   ROBERT CRIDER, on behalf of himself      CASE NO.  C 08-4288-EMC
     and others similarly situated,
13                                            [PROPOSED] JUDGMENT
                       Plaintiff,
14                                            DATE:     August 19, 2009
           vs.                                TIME:     2:30 p.m.
15                                            CTRM:     C, 15th Floor
     WACHOVIA CORPORATION, a
16   corporation, WACHOVIA MORTGAGE           HONORABLE EDWARD M. CHEN
     CORPORATION, a corporation,
17   WACHOVIA COMMERCIAL
     MORTGAGE, INC., a corporation,
18   WACHOVIA FINANCIAL SERVICES,
     INC., WACHOVIA MORTGAGE, FSB
19   an entity form unknown, WACHOVIA,
     an entity form unknown, and DOES 1
20   through 50, inclusive,
21
                       Defendants.
22                                            **Other Case Affected by Settlement**: *Sones v.*
                                              *World Mortgage Company*, Case No. 3:08-cv-
23                                            04811-CRB
24
25
26
27
28
     8344425.2

1    PETER M. HART (SBN 198691)
     LAW OFFICES OF PETER M. HART
2    13952 Bora Bora Way, F-320
     Marina Del Rey, CA 90292
3    Telephone: (310) 478-5789
     Facsimile: (509) 561-6441
4    Email: hartpeter@msn.com

5    LARRY W. LEE (SBN 228175)
     DIVERSITY LAW GROUP
6    444 S. Flower Street, Suite 1370
     Los Angeles, CA 90071
7    Telephone: (213) 488-6555
     Facsimile: (213) 488-6554
8

9    KENNETH H. YOON (SBN 198443)
     LAW OFFICES OF KENNETH H. YOON
     One Wilshire Boulevard, Suite 2200
10   Los Angeles, CA 90017
     Telephone: (213) 612-0988
11   Facsimilie: (213) 947-1211
     kyoon@yoon-law.com
12
     Attorneys for Plaintiff ROBERT CRIDER and proposed
13   Settlement Class

14   NORMAN B. BLUMENTHAL (SBN 068687)
     KYLE R. NORDREHAUG (SBN 205975)
15   APARAJIT BHOWMIK (SBN 248066)
     BLUMENTHAL & NORDREHAUG
16   2255 Calle Clara
     La Jolla, CA 92037
17   Telephone: (858) 551-1047
     Facsimile: (858) 551-1232
18

19   WALTER HAINES (SBN 71705)
     UNITED EMPLOYEES LAW GROUP
     65 Pine Ave, #312
20   Long Beach, CA 90802
     Phone: (562) 256-1047
21   Facsimile: (562) 256-1006

22   Attorneys for Plaintiff JOHN SONES and
     proposed Settlement Class
23   (Plaintiff in related action to be dismissed as part of this settlement)

24

25

26

27

28

8344425.2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

This matter came on for hearing upon the joint application of the Settling Parties for approval of the settlement set forth in the Stipulation of Settlement (the "Stipulation").  Due and adequate notice having been given to the Class, and the Court having considered the Stipulation, all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this Litigation, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.	The Court, for purposes of this Judgment and Order of Dismissal ("Judgment"), adopts all defined terms as set forth in the Stipulation Re: Settlement of a Class Action ("Stipulation") filed in this case.

2.	The Court has jurisdiction over the subject matter of the Crider Litigation, the Class Representatives, the other Members of the Settlement Class and Wachovia.

3.	The Court finds that the distribution of the Notice to Class Members Re: Pendency of Class Action as provided for in the Order Granting Preliminary Approval for the Settlement and Setting Hearing on Proposed Settlement, constituted the best notice practicable under the circumstances to all Persons within the definition of the Class, and fully met the requirements of due process under the United States Constitution and California law.  Based on evidence and other material submitted in conjunction with the Settlement Hearing, the actual notice to the class was adequate.  The Court further finds that the Settling Parties have further satisfied the requirements of notice to pertinent government agencies set forth in the federal Class Action Fairness Act, i.e., 28 U.S.C. § 1715.

4.	The Court finds in favor of settlement approval.

5.	The Court approves the settlement of the above-captioned action and related case, as set forth in the Stipulation, each of the releases and other terms, as fair, just, reasonable and adequate as to the Settling Parties.  The Settling Parties are directed to perform in accordance with the terms set forth in the Stipulation.

6.	Except as to any individual claim of those Persons (identified in

8344425.2

- 1 -

1  Attachment A hereto) who have validly and timely requested exclusion from the Settlement

2  Class, all of the Released Claims are dismissed with prejudice as to the Class Representatives and

3  the other Members of the Settlement Class.  The Settling Parties are to bear their own costs,

4  except as otherwise provided in the Stipulation.

5           7.      Solely for purposes of effectuating this settlement, this Court has certified a

6  class of all Members of the Settlement Class, as that term is defined in and by the terms of the

7  Stipulation, and the Court deems this definition sufficient for purposes of due process and Rule

8  23.

9           8.      With respect to the Settlement Class and for purposes of approving this

10  settlement, this Court finds and concludes that:  (a) the Members of the Settlement Class are

11  ascertainable and so numerous that joinder of all members is impracticable; (b) there are

12  questions of law or fact common to the Settlement Class, and there is a well-defined community

13  of interest among Members of the Settlement Class with respect to the subject matter of the

14  Litigation; (c) the claims of Class Representatives John Sones and Robert Crider are typical of the

15  claims of the Members of the Settlement Class; (d) The Class Representatives have fairly and

16  adequately protected the interests of the Members of the Settlement Class; (e) a class action is

17  superior to other available methods for an efficient adjudication of this controversy; and (f) the

18  counsel of record for The Class Representatives, *i.e.*, Class Counsel, are qualified to serve as

19  counsel for the plaintiffs in their individual and representative capacities and for the Settlement

20  Class.

21           9.      By this Judgment, The Class Representatives shall release, relinquish and

22  discharge, and each of the Settlement Class Members shall be deemed to have, and by operation

23  of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all

24  Released Claims (including Unknown Claims).  The Released Claims, as more fully defined in

25  the Stipulation, include any and all claims, demands, rights, liabilities and causes of action of

26  every nature and description whatsoever including without limitation statutory, constitutional,

27  contractual or common law claims, whether known or unknown, whether or not concealed or

28  hidden, against the Wachovia Releasees, or any of them, that accrued at any time from July 1,

8344425.2                                        - 2 -

2007 through the Preliminary Approval Date for any type of relief, including without limitation claims for wages, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorney fees, litigation costs, restitution, or equitable relief, based on the following categories of allegations: (a) any and all claims, including without limitation claims for unpaid overtime wages or meal and rest period violations, alleging, or flowing from alleged, misclassification of employees as exempt employees, *i.e.*, employees who are exempt under federal and/or California law from premium overtime requirements, meal and rest period requirements, or all other wage and hour requirements imposed on employees who do not qualify for any exemption, including without limitation the outside salesperson exemptions set forth in state and federal law; (b) any and all claims for failure to reimburse or cover or pay for business costs, including without limitation claims for reimbursement of costs spent on or imposed for any type of business expenses or supplemental support staff; (c) any and all claims for failure to give adequate notice or follow proper procedures under the California Worker Adjustment and Retraining Notification Act, California Labor Code section 1401 *et seq.* or the federal Worker Adjustment and Retraining Notification Act, 29 U.S.C. section 2101 *et seq.*; and (d) to the extent not covered above, any claim pled in either the *Crider* or *Sones* litigation.

10.     Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Wachovia or any of the Wachovia Releasees; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Wachovia or any of the Wachovia Releasees in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  In the event that the Effective Date does not occur, Wachovia shall not be estopped or otherwise precluded from contesting class or collective action certification in the Litigation on any grounds.  Wachovia or any of the Wachovia Releasees may file the Stipulation and/or the Judgment from this Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment

1  bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or

2  counterclaim.

3          11.    The only Settlement Class Members entitled to payment pursuant to this

4  Judgment are Participating Claimants.  Neither the Stipulation nor this Judgment will result in the

5  creation of any unpaid residue or residual.

6          12.    Wachovia has agreed to pay Class Counsel their reasonable attorneys' fees

7  and allowable litigation costs in this matter in the total amount of $222,500, and Wachovia has

8  agreed to pay an enhancement to the Class Representatives John Sones and Robert Crider to

9  reimburse them for their unique services in the amount of $10,000 each.  The Court finds that

10 these agreements are fair and reasonable.  Wachovia is directed to make such payments in

11 accordance with the terms of the Stipulation.

12         13.    The Court reserves exclusive and continuing jurisdiction over the Crider

13 Litigation and Sones Litigation, The Class Representatives, the Settlement Class and Wachovia

14 for the purposes of supervising the implementation, enforcement, construction, administration and

15 interpretation of the Stipulation and this Judgment.  The Crider Litigation is dismissed with

16 prejudice, and the Sones Litigation is dismissed with prejudice.

17         14.    This document shall constitute a judgment (and separate document

18 constituting said judgment) for purposes of Federal Rule of Civil Procedure, Rule 58.

19 IT IS SO ORDERED.

20

21

22

23 DATED: _____   August 20, 2009   _____

24                                               The Honorable Edward M. Chen

25                                               IT IS SO ORDERED

26                                               Judge Edward M. Chen

27

28

8344425.2                                    - 4 -

1

EXHIBIT A

2

3     KIRK JAMES BEVAN
      IVANNA HUEZO CABAHIT
4     CAROLINE DADESHO
      VICTORIA C. DAVIS
5     LETICIA DELGADILLO
6     MARGARITA R. DOUGLAS
      MAURINE FONG
7     KIM GILLILAND
      CYNTHIA GOODENOUGH
8     CATHERINE ANN MCKEAN
9     RICHARD L. TROEDSON
      ZAHERA YOUSOFZOY
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8344425.2

- 5 -